# United States Court of Appeals
## FOR THE DISTRICT OF COLUMBIA CIRCUIT
_____

**No. 21-3042**                              **September Term, 2021**

1:20-cr-00195-RBW-1

**Filed On:** March 25, 2022

United States of America,

        Appellee

    v.

Jeffrey Henry Williamson,

        Appellant

### ON APPEAL FROM THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLUMBIA

**BEFORE:**    Henderson, Rogers, and Tatel, Circuit Judges

### J U D G M E N T

This appeal was considered on the record from the United States District Court for the District of Columbia and on the memoranda of law and fact filed by the parties. The court has determined that the issues presented occasion no need for an opinion. See D.C. Cir. Rule 36. Upon consideration of the foregoing and the motion for other relief, it is

**ORDERED** that the motion for other relief be denied. Appellant has not demonstrated that the requested relief is warranted. It is

**FURTHER ORDERED AND ADJUDGED** that the district court's June 18, 2021 detention order be affirmed. Appellant has not demonstrated that the district court clearly erred in finding that no condition or combination of conditions of release would reasonably assure the safety of any other person and the community. See United States v. Munchel, 991 F.3d 1273, 1282 (D.C. Cir. 2021).

The district court concluded that each of the four factors under 18 U.S.C. § 3142(g) weighed in favor of pretrial detention. On appeal, appellant challenges only the district court's conclusion with respect to the second § 3142(g) factor, the weight of the evidence. Appellant's arguments are unpersuasive. First, the district court did not clearly err in concluding that appellant's act of sending allegedly threatening letters to the prosecutor from a prior criminal case against appellant was itself sufficient to evince an intent to threaten under the circumstances. See, e.g., McFadden v. United States, 576 U.S. 186, 192 n.1 (2015) (observing that the mens rea for a criminal offense generally can be proved through either direct or circumstantial evidence). Second, the district court did not clearly err in concluding that appellant failed to show that the

prosecutor was not performing his official duties at the time in question.  See United States v. Williams, 504 U.S. 36, 45–50 (1992) (observing that prosecutors have no duty to present exculpatory evidence to federal grand juries).

Appellant also argues that the district court committed reversible error by not allowing him to call certain witnesses at the detention hearing.  See 18 U.S.C. § 3142(f)(2).  However, any error, if there was error at all, was harmless.  See Fed. R. Crim. P. 52(a).  Appellant sought to call those witnesses to buttress his case that the second § 3142(g) factor weighed in favor of release.  But even if that factor did weigh in favor of release, the district court's undisputed findings with respect to the remaining factors—e.g., that the charged offenses involve threats to commit murder and that appellant has a long history of making similar threats—are more than sufficient to sustain the district court's ultimate dangerousness determination.  See United States v. Hale-Cusanelli, 3 F.4th 449, 455 (D.C. Cir. 2021) (observing clear error will be found only where "the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed" (quoting Munchel, 991 F.3d at 1282)).

Pursuant to D.C. Circuit Rule 36, this disposition will not be published.  The Clerk is directed to withhold issuance of the mandate herein until seven days after the resolution of any timely petition for rehearing or petition for rehearing en banc.  See Fed. R. App. P. 41(b); D.C. Cir. Rule 41.

**Per Curiam**

FOR THE COURT:
Mark J. Langer, Clerk

BY:     /s/
Daniel J. Reidy
Deputy Clerk